PATRICK (UNITED STATES v.). See Case No. 16,006.

---

## Case No. 10,805.

### The PATRICK HENRY.

[1 Ben. 292.] [1]

District Court, S. D. New York.    July, 1867.

SHIPPING—BILL OF LADING—SOVEREIGNS AS FREIGHT—DAMAGES—INTEREST.

1. Where British sovereigns were shipped on board a vessel in Melbourne, under a bill of lading by which the ship agreed to carry them to New York, and there deliver them, on payment of £2 freight, and the ship failed to deliver them, and the indorsee of the bill of lading libelled the ship to recover his damages, the only question being as to the rule of damages, *held* that the agreement in the bill of lading was not a promise to pay money, but to transport articles on freight.

2. The value of the sovereigns in the port of delivery might be recovered by the holder of the bill.

3. That value was to be estimated in the currency of the country in which the port of delivery was situated and where the suit was brought, it not having been otherwise stipulated in the contract itself.

[Cited in The Mary J. Vaughan, Case No. 9,-217.]

4. The legal tender act (12 Stat. 532) and the decisions under it had no application.

5. Though no freight was strictly earned, as the contract was not fulfilled, yet admiralty courts have power to do substantial justice, which in this case is to make the libellant good for his loss, charging him with the freight.

6. The stipulation for freight was a promise to pay money, and the freight must be reckoned in currency according to our laws, which fix the legal value of the pound sterling in commercial transactions at $4.44.

[Cited in Reiser v. Parker, Case No. 11,685.]

7. The libellant was entitled to recover interest on his damages at seven per cent.

This was a suit brought by Reuben Ross, Jr., against the ship Patrick Henry, in rem, to recover damages for the breach of the following bill of lading: "Shipped, in good order and well conditioned, by James Patrick, in and upon the good ship or vessel called the Patrick Henry, whereof is master

---

for the present voyage Wm. Page, and now riding at anchor in Hudson Bay, and bound for New York, one bag containing ninety sovereigns British sterling, being marked and numbered as in the margin, and are to be delivered in the like good order and condition at the aforesaid port of New York (the act of God, the queen's enemies, fire, and all and every other dangers and accidents of the seas, rivers, and navigation, of whatever nature or kind soever, excepted), unto order, or its assigns, he or they paying freight for the said goods, £2 sterling in full, with primage and average accustomed. In witness whereof, the master or purser of said ship or vessel hath affirmed to four bills of lading, all of this tenor and date, the one of which bills being accomplished, the others to stand void. (Signed) Wm. C. Page. Dated in Melbourne, Sept. 19th, 1865." The ship upon which this coin had been placed on freight proceeded to New York, and arrived there from Australia in December, 1865. The libellant was the indorsee of the bill of lading, and as the ship failed to deliver the coin according to the terms of the contract, he brought this suit to recover damages for the breach. The only question was as to the true rule of damages, the breach being admitted.

James K. Hill, for libellant.
Hawkins & Cothren, for claimants.

SHIPMAN, District Judge. The libellant in this case claims that he is entitled to recover the market value of the coin at this port at the time it should have been delivered. The claimant, on the other hand, insists that in estimating the damages, the value of the sovereign should be taken at the rate fixed by law for computation in ordinary commercial transactions, the same as if this were a suit to recover the amount of a bill of exchange or other promise to pay. I do not accede to this view. The agreement in this bill of lading is not a promise to pay money, but to transport certain articles on freight. Whether those articles were gold coins, gold bars, gold dust, or gold in any other form of use or ornament, can make no difference. Like every other article placed on freight and covered by a bill of lading, unless delivered according to the terms of the contract of affreightment, their value may be recovered by the holder of the bill. That value is to be estimated in the currency of the country in which the port of delivery is situated and where the suit is brought, unless otherwise provided for in the contract itself. The proof is that these sovereigns were worth in this market, at the time they should have been delivered, $7.05 apiece in our money. Our recent legal tender act and the decisions under it cited at bar have no application to this part of the case.

There is another question of trifling importance so far as the amount depending upon

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

it is concerned, which requires to be disposed of; and that is whether any deduction should be made on account of freight. No freight was strictly earned, as the contract was not fulfilled. But admiralty courts have power to do substantial justice between parties, and substantial justice in this case is to make the libellant good for the loss sustained. He is, under this breach of the contract, entitled to the value of ninety sovereigns at the market rate, less two pounds sterling freight money. As the stipulation to pay these two pounds was a promise to pay money at this port, they should be reckoned in the currency of this country, according to our laws. The legal value of the pound sterling in commercial transactions in this country is fixed by act of congress at $4.44. The value of ninety sovereigns at the time of the breach was $634.50. From this deduct two pounds sterling, computed in our money ($8.88), and it will leave $625.62—the principal sum, which the libellant is entitled to recover. To this should be added interest at the rate of seven per cent. from December 28, 1865, to the date of the decree. The clerk of this court is hereby directed to compute the interest, and add to it the principal sum. Then let a decree be entered for the amount of principal and interest in favor of the libellant, with costs.